IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHAKAKHAN R. DAVIS**                                                                     **PLAINTIFF**

**vs.**                                                      **CIVIL ACTION No.: 3:18-CV-462-HTW-JCG**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**                                         **DEFENDANT**

## ORDER

BEFORE THIS COURT is the *pro se* plaintiff, Chakakhan R. Davis's (hereinafter referred to as "Davis") Motion For Recusal of Judge Wingate **[Docket no. 38]**.

Davis argues that the undersigned should recuse himself for an alleged bias against herself. For cause, Davis cites the following reasons: that she believes that this court erred in its dismissal of her unrelated case <u>Davis v. Wal-Mart</u> 3:14-cv-375-HTW-LRA; and that other United States District Court Judges of the Southern District of Mississippi had ruled against her. This court has addressed Davis's requests for recusal on multiple occasions, both orally and in various orders that this court has issued in other cases.

Under 28 U.S.C. § 455(a) "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This court takes note of the established law of the Fifth Circuit:

> "Judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Instead, the judge's rulings should constitute grounds for appeal, not for recusal. Id. Opinions formed by the judge that are based on the evidence in the case or events occurring during the proceedings do not constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* If the remarks stem from an extrajudicial source, they may constitute sufficient grounds

> for recusal. Further, expressions of impatience, annoyance, dissatisfaction, and even anger, do not establish bias or partiality.

*United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir.), opinion modified on reh'g, 116 F.3d 119 (5th Cir. 1997).

This court has considered Davis's allegations and the relevant legal authority and denies her motion. This court finds Davis has no legitimate claims which would convince this court it needs to recuse itself. Davis's complaints all center on her dissatisfaction with the court's rulings to date – in this lawsuit and others – and are not sufficient to establish a need for this court to recuse itself.

**IT IS, THEREFORE, ORDERED that** *pro se* **plaintiff's Motion For Recusal of Judge Wingate [Docket no. 38] is hereby DENIED.**

**SO ORDERED this the 19th day of November, 2020.**

                                       **s/ HENRY T. WINGATE**
                                       **UNITED STATES DISTRICT COURT JUDGE**