IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHAKAKHAN R. DAVIS**                                                                                 **PLAINTIFF**

**vs.**                                                           **CIVIL ACTION No.: 3:18-CV-462-HTW-JCG**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION**                                                                           **DEFENDANT**

## ORDER

This matter comes on pursuant to the Report and Recommendation of United States Magistrate Judge John C. Gargiulo **[Docket no. 54]**. Magistrate Judge Gargiulo recommends that plaintiff's Motion to Reverse and Remand be denied and the Commissioner's final administrative decision be affirmed. According to Magistrate Judge Gargiulo's report and recommendation, the Administrative Law Judge followed the five-step sequential process to determine whether Davis is entitled to Social Security benefits and found the following: (1) Davis had not engaged in any substantial gainful activity since December 30, 2014, the date of her application; (2) that Davis has a severe impairment of adjustment disorder with anxiety and depressed mood; (3) that Davis did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. § 404[1]; (4) that Davis had no past relevant work; and (5) that there are jobs that exist in significant numbers in the national economy that Davis could perform.

Plaintiff filed her objection to the report and recommendation arguing grounds not presented in her initial brief: the residual functional capacity assessment of the ALJ and the ultimate step five (5) sequential evaluation finding. As defendant correctly noted in its response in

---

[1] Appendix 1 to Subpart P of 20 C.F.R. § 404 is the section of the administrative code that lists impairments for which the Social Security Administration may award benefits and is so voluminous that this court will not replicate such in this opinion.

1

opposition to plaintiff's objection to the report and recommendation, Davis did not designate specific issues in her appeal to this court. Accordingly, Magistrate Judge Gargiulo interpreted her notice of appeal to include one issue – whether her medical records from the Claiborne County Medical Center would have changed the outcome of the ALJ's decision. Plaintiff failed in her initial briefing to include any other legal arguments.

Plaintiff herein is acting *pro se*[2]. A *pro se* litigant "must comply with statutory obligations and abide by the rules of this Court." *Legget v. PSS World Med., Inc.*, No. L-07-63, 2009 U.S. Dist. LEXIS 15937, at *12 (S.D. Tex. Mar. 2, 2009) (Citing *Castro Romero v. Becken*, 256 F.3d 349, 354 n.2 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).

The United States Supreme Court specifically cautioned *pro se* litigants that:

> District judges have no obligation to act as counsel or paralegal to *pro se* litigants. In *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 79 L. Ed. 2d 122, 104 S. Ct. 944 (1984), the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." *See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162, 145 L. Ed. 2d 597, 120 S. Ct. 684 (2000)

*Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004).

> "A document filed *pro se* is 'to be liberally construed,' *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' *ibid*. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ('All pleadings shall be so construed as to do substantial justice')."

*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

---

[2] *pro se* n. (1857): One who represents oneself in a court proceeding without the assistance of a lawyer <the third case on the court's docket involving a *pro se*>. — Also termed pro per; self-represented litigant; (rarely) *pro se*-er. PRO SE, Black's Law Dictionary (11th ed. 2019)

"Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (Quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir.1988)).

Based upon the report and recommendation of the Magistrate Judge Gargiulo, the submissions of the parties and the relevant case law, this court, having given full consideration to such, finds the Report and Recommendation well taken. Therefore, the Report and Recommendation of United States Magistrate Judge John C. Gargiulo **[Docket no. 54]** is hereby adopted as the order of this court.

**IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket no. 54] is hereby ADOPTED as the order of this court.**

**IT IS FURTHER ORDERED that plaintiff's Motion to Reverse and Remand [Docket no. 39] is hereby DENIED.**

**IT IS FURTHER ORDERED that defendant's Final Administrative Decision is AFFIRMED.**

**IT IS FUTHER ORDERED that defendant's Motion for Extension of Time to File Response [Docket no. 59] is hereby retroactively GRANTED.**

**IT IS FURTHER ORDERED that plaintiff's Motion to Strike [Docket no. 63] is hereby rendered MOOT and DENIED AS SUCH.**

**IT IS FINALLY ORDERED that the complaint in this lawsuit is hereby DISMISSED WITH PREJUDICE and the parties are to bear their own costs.**

**SO ORDERED AND ADJUDGED this the 20th day of November, 2020.**

        **s/ HENRY T. WINGATE**
        **UNITED STATES DISTRICT COURT JUDGE**